IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-42505-TJM |
| | ) | |
| MARK JENSEN and | ) | CH. 12 |
| RANDI JENSEN, | ) | |
| | ) | |
| Debtor(s). | ) | |

## ORDER

    Hearing was held in Lincoln, Nebraska, on June 23, 2010, regarding Filing #130, Motion for Relief from Stay, filed by Gary and Ruth Miller, and Filing #141, Resistance, filed by the debtors. Laura Troshynski appeared for the debtors and Michael Borders appeared for Gary and Ruth Miller.

    The debtors have a farm and cattle operation utilizing approximately fifteen hundred acres on which the moving parties, the Millers, hold promissory notes secured by deeds of trust with an outstanding debt obligation of approximately $604,000. In addition, the debtors own approximately 480 additional acres and lease other ground.

    The fifteen hundred acre parcels were sold to the debtors several years ago. The debtors have not made a payment since January 2008. The debtors have no equity in this real estate or in any other asset in which they hold an ownership interest.

    The Millers filed this motion for relief from the automatic stay so that they could foreclose on the deeds of trust and sell the property, thereby paying off the first lien holder, Farm Credit System, and paying their debt, hopefully, in full. The debtors have resisted the motion for relief from the automatic stay, claiming that the property is necessary for an effective reorganization.

    The debtors filed an initial plan which eventually was withdrawn after drawing numerous objections. They filed a first amended plan which was withdrawn after drawing numerous objections. They have now filed a third amended plan, Filing #122, which is not yet ready for confirmation. That plan, which has been objected to by the Millers, shows, on the projected cash flow at Exhibit C to Filing #122, that if everything goes well, the debtors will have net income before plan payments in 2010 of $230,000. Plan payments amount to at least $223,000. That leaves $7,000 as a cushion to protect against a decline in cattle prices, an increase in any of the normal operating expenses or the destruction of all or part of the crops.

    The plan does not propose to make any payments on the plan obligations, at least with respect to the Millers, until one year from confirmation. That means that the debtors will have had the use of the Miller land for approximately three years without paying anything to the Millers.

    The projected cash flow referred to above shows a tax payment made in 2009 of $11,411. However, the debtors have not paid the real estate taxes for 2008, which would have been payable in 2009, and have not paid the first half of the 2009 tax payments. If they actually did have the tax expense of $11,411, they have not explained what it is. The cash flow also shows no income tax liabilities on $223,000 of net income which is proposed to be used for plan payments. In addition, no FICA taxes are shown.

  There is nothing in the plan or in the evidence presented in resistance to the motion for relief from the automatic stay which explains what, if any, changes in the operations will permit the debtors to have enough net cash flow to make the land payments and the tax payments which they have been unable to make for two years.

  Based upon the plan itself, with a bare minimum financial cushion, the lack of explanation concerning changes in operation to improve cash flow, and the apparent inability of the debtors to make land and tax payments, even though they have had the use of the land for two crop seasons, lead me to believe that the Miller property is not necessary for an effective reorganization because such a reorganization is not in prospect. This is not a ruling on the ultimate confirmability of a plan, but it is a ruling that the debtors cannot make a go of it with the Miller land debt.

  IT IS ORDERED that the Motion for Relief from Stay, Filing #130, is granted.

  DATED:  July 8, 2010

                BY THE COURT:

                /s/ Timothy J. Mahoney
                United States Bankruptcy Judge

Notice given by the Court to:
  Laura Troshynski
  *Michael Borders
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.